The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. ITT Hartford Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $522.80.
5. The date of the alleged injury was November 3, 1993.
6. Plaintiff was out of work from November 4 through December 19, 1993 and from March 23 through July 6, 1994.
In addition, the parties stipulated into evidence the following:
1. Six pages of medical records and reports from Riverview Medical Clinic.
2. Eleven pages of medical records and reports from Carolina Surgery Associates.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. As of November 1993 plaintiff had been employed by defendant-employer for almost twenty-one years. His job was as a press operator.
2. On November 3, 1993 as plaintiff was performing his job duties, he had to climb down a ladder on his machine. There was a steel plate behind one of the steps on the machine and when he stepped down to that step only the front third of his foot would fit, so the back of his foot dropped down. At that time he felt a stinging sensation in the upper front part of his left thigh. He did not think anything of it and continued working. Later during his shift, he noticed a different type of pain in his thigh as he walked and squatted. The pain grew progressively worse so he reported the problem to his supervisor, but he completed his shift.
3. The next day the pain was worse, so plaintiff went to Riverview Medical Clinic where he was given medication. When he got up on the following morning, he experienced increased pain and the pain ran from his thigh down to his ankle, so he returned to the clinic. He was then sent to Dr. Fleischer, an orthopaedic surgeon. Dr. Fleischer diagnosed his condition as a lumbar disc herniation, prescribed medication for him, and placed him at bed rest for two weeks. Plaintiff's condition gradually improved with conservative treatment and on December 14, Dr. Fleischer released him to return to work effective December 20. Dr. Fleischer last examined him on February 4, 1994. At that time he reported no pain to speak of, and the doctor released him from care with no permanent partial impairment.
4. Plaintiff continued working without difficulty until March 22, 1994 when he developed recurrent pain in his left leg. Dr. Fleischer was not available so he went to Dr. Lehman on March 23. Dr. Lehman prescribed medication and limited him to light duty work. However, no light duty work was available. Plaintiff remained under the care of Dr. Lehman who diagnosed his condition as left sciatica which was probably related to degenerative disc disease and a recurrence of the problems for which Dr. Fleischer had previously treated him. Plaintiff underwent a program of physical therapy, work hardening and an epidural steroid injection, and he slowly improved. On July 6, 1994 Dr. Lehman released him to return to work and from medical care.
5. On November 3, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The fact that the back of his foot dropped down from one of the steps of the ladder constituted a specific traumatic incident of the work assigned. Although he had a pre-existing degenerative back condition, this incident materially aggravated it so that he became symptomatic and required medical care. He did not initially relate the incident to his subsequent symptoms and therefore did not report it to his employer or to his medical care providers. However, when he later thought through his activities of the day, he remembered it having occurred and then promptly called his supervisor. He also informed Dr. Fleischer on November 29 of the incident, and Dr. Fleischer was of the opinion that it was consistent with his condition.
6. Plaintiff initially reached maximum medical improvement with respect to this injury on February 4, 1994. However, he sustained a material change for the worse in his condition on March 22, 1994 so that he was again rendered disabled. The back condition for which Dr. Lehman treated him was a proximate result of his previous injury by accident.
7. As a result of the injury by accident giving rise to this claim, plaintiff was unable to work from November 4 through December 19, 1993 and from March 23 through July 6, 1994. Dr. Lehman did not anticipate that he would have any permanent partial impairment.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On November 3, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6).
2. Plaintiff is entitled to compensation at the rate of $348.53 per week for 21 and five-sevenths weeks for the temporary total disability he sustained as a result of this injury by accident. G.S. 97-29; G.S. 97-47.
3. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S.97-2(19); G.S. 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $348.53 per week for 21 and five-sevenths weeks for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of $1,892.02 is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. McIntyre.
4. Defendants shall pay the costs.
IT IS FURTHERMORE ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 05/20/96